**Mary v. WARBURTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 10558.

United States Court of Appeals
Third Circuit.

Argued Jan. 24, 1952.

Decided Feb. 5, 1952.

Raymond C. Cushwa, Washington, D. C., Adrien F. Busick, Davnes, Richberg, Tydings and Beebe & Landa, all of Washington, D. C., of counsel, for petitioner.

L. W. Post, Washington, D. C., Ellis N. Slack, Acting Asst. Atty. Gen., Richard D Harrison, Sp. Asst. to Atty. Gen., for respondent.

Before KALODNER and STALEY, Circuit Judges, and STEWART, District Judge.

PER CURIAM.

The sole question here is whether under Section 162(b) of the Internal Revenue Code, 26 U.S.C. § 162(b), the taxpayer is taxable for the year 1943, upon $90,000, the amount actually received by her as beneficiary of a testamentary trust, or $100,000, the amount to which she was entitled before retention of $10,000 by the testamentary trustees in partial reimbursement, pursuant to an agreement with the taxpayer, of their prior payment of Pennsylvania inheritance tax on the annuity. The Tax Court held that the beneficiaries under the trust were liable for the state inheritance tax under

Pennsylvania law and rejected the taxpayer's contention that the primary obligation for such tax rested upon the trustees and was a charge upon the trust estate under Pennsylvania law. Accordingly the Tax Court held that the taxpayer was taxable upon the full $100,000 for the year 1943. We are in accord with the Tax Court's disposition.

The decision of the Tax Court will be affirmed.